In re WHITE.

(District Court, N. D. California, First Division. February 8, 1917.)

No. 8700.

BANKRUPTCY ⟐415(4)—DISCHARGE OF BANKRUPT—OPPOSITION BY TRUSTEE.
 After entry of an order discharging a bankrupt without objection, except by the trustee, who was not shown to have been authorized by the creditors to oppose the discharge, a rehearing will not be granted, to permit the trustee to produce evidence of his authority, which he had full opportunity to do on the hearing.

 [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 726.]

In Bankruptcy. In the matter of H. S. White, bankrupt. On application by trustee for rehearing on application for discharge. Denied.

For former opinion, see 238 Fed. 874.

Wilder Wight, of Oakland, Cal., for bankrupt.

Clarence A. Shuey and W. Dorn, both of San Francisco, Cal., for trustee.

DOOLING, District Judge. On an application made to the court by the bankrupt for a discharge, the trustee appeared and filed specifications in opposition thereto, and the matter was referred for hearing to the referee. The referee reported, and recommended that a discharge be denied. A hearing was thereafter had before the court upon this report, and the court ordered the discharge of the bankrupt, notwithstanding the adverse report of the referee, for the reason that it nowhere appeared that the trustee was authorized to interpose objections at a meeting of creditors called for that purpose, as required by section 14 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 550 [Comp. St. 1916, § 9598]).

The trustee now moves that the discharge be set aside and the matter referred again to the referee, and bases the motion upon the ground that the trustee was in fact authorized by the creditors to oppose the discharge, although the record as brought here shows that whatever authorization the trustee had was by order of the referee. The motion to set aside the discharge is opposed by the bankrupt, who contends that every opportunity was afforded the trustee to make proof of the fact that he was authorized by the creditors to oppose the discharge, if such were the fact, and insists, as he has at all times insisted, that the specifications do not show any authorization at all, while the notice of appearance filed by the trustee contains the recital:

"The trustee having been first duly authorized by the above court to interpose objections to the bankrupt's discharge."

A re-examination of the lengthy record and of the voluminous briefs fails to disclose a single suggestion, prior to the present motion, that the trustee was authorized to make opposition by any one except "by order of the court," or by "order of the referee," which I take to mean the same thing. The trustee was not taken by surprise, for the bankrupt urged from the beginning the insufficiency of the specifications and the lack of authorization, and I see no reason, in view of the con-

flicting affidavits now presented, for disturbing the conclusions heretofore reached.

The petition for a rehearing, and the motion to set aside the discharge, are denied.